<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE ALBEIRO MEJIA VELASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>TISH CASTILLO,<br><br>Respondent. | Civil Action No. 16-28 (ES)<br><br>OPINION |

SALAS, DISTRICT JUDGE

Petitioner Jose Albeiro Mejia Velasquez ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States. On December 23, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal. (D.E. No. 1, Petition ("Pet.")). For the reasons stated below, this Court will deny the Petition.

**I. BACKGROUND**

Petitioner provides very limited information about his immigration proceedings. He was ordered removed by an immigration judge on March 19, 2013 and taken into custody by ICE on June 11, 2015. (*Id.* ¶ 11(a)-(b)). Petitioner filed an appeal of the removal order to the Board of Immigration Appeals ("BIA") on March 19, 2013, and on March 24, 2015, the BIA affirmed the decision of the immigration judge. (*Id.* ¶ 11(c)(1), (4)). On April 14, 2015, Petitioner filed an appeal with the Second Circuit, which remains pending. (*Id.* ¶ 11(d); *Mejia-Velasquez v. Lynch*,

No. 15-1208 (2d Cir. filed Apr. 14, 2015)). Petitioner also filed a motion for a stay of his removal, which was denied on November 17, 2015. (*Mejia-Velasquez*, No. 15-1208, D.E. Nos. 23, 63).

In his Petition, Petitioner raises only one ground: "Petitioner has been detained by ICE for more than 180 days and is therefore eligible for release on bond." (Pet. ¶ 13). He is seeking released from ICE custody. (*Id.* ¶ 15).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, and because Petitioner asserts that his detention is not statutorily authorized. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 500 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

### B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a

2

decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

3

8 U.S.C. § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under Section 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Specifically, the Supreme Court determined that:

> [a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And

4

> for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, by Petitioner's own admission, and based on a review of the Second Circuit's docket in Petitioner's immigration matter, the BIA dismissed the appeal of Petitioner's removal order and no court has ordered a stay of his removal. Therefore, Petitioner's order of removal became administratively final on March 24, 2015, the date of the BIA's decision. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(a). Petitioner was thereafter taken into ICE custody on June 11, 2015.

Whether the Court uses the date the removal order became administratively final (March 24, 2015) or the date ICE took Petitioner into custody (June 11, 2015) as the start date to calculate the presumptively reasonable six month detention period, Petitioner is not entitled to relief. Though the six-month presumptively reasonable detention period has expired using either date, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under Section 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. *Id.* Petitioner has not made such a showing here. He has provided no indication that his removal is not reasonably foreseeable and in fact does not address this aspect of the *Zadvydas* holding at all. Under these circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *Id.* ("After this 6–month period, once the alien provides good reason to believe

5

that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing." (citation and internal quotation marks omitted)); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, and [petitioner] has failed to make that showing here." (citation omitted)).

Accordingly, *Zadvydas* requires this Court to dismiss the Petition without ordering the government to respond, as Petitioner has not alleged facts showing that his detention violates the Constitution, laws, or treaties of the United States. This denial is without prejudice to the filing of a new Section 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be denied without prejudice. An appropriate order follows.

Dated: February 9, 2016

Esther Salas, U.S.D.J.

6